UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                     Civ. No. 19-64 GJF/KK

$40,175.00 IN UNITED STATES CURRENCY,

    Defendant *In Rem*, and

IRMA CABRALES,

    Claimant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the United States' "Motion to Strike Claim and Answer Filed by Irma Cabrales and Enter Default Judgment," [ECF 25] ("Motion").[1] The Motion is fully briefed. *See* ECF 26 (response); ECF 27 (reply). For the reasons stated below, the Court **GRANTS** Plaintiff's Motion in its entirety.

    I.    **BACKGROUND**

On August 29, 2018, a grand jury indicted Imra Cabrales ("Claimant") for conspiracy to distribute and to possess with intent to distribute substantial quantities of cocaine and methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). *See United States of America v. Irma Cabrales*, 18cr2852-MV, ECF 1, at *1–2. During the investigation leading to the indictment, law enforcement officials seized Defendant *in rem*—United States currency in the amount of $40,175.00—from a dresser located in Claimant's residence. ECF 1 at 1–2.

---

[1] All references to the docket sheet are to documents filed in this civil case. To the extent this opinion references docket numbers in the *criminal* case, the Court will annotate the distinction accordingly.

Claimant was arrested on these charges, *see United States of America v. Irma Cabrales*, 18cr2852-MV, ECF 12 (initial appearance), and eventually released to the La Pasada Halfway House. *Id.*, ECF 83. As a condition of release, Claimant was "restricted to 24-hour-a-day lockdown . . . except for medical necessities and court appearances." ECF 25-1 at 2. Additionally, Claimant agreed to "submit to location monitoring," *Id.*, apparently in the form of an ankle bracelet outfitted with a Global Positioning System ("GPS") relay device. *See* ECF 25-2. On March 5, 2020, however, Claimant "cut off her GPS bracelet and absconded from the La Pasada Halfway House." ECF 25-2 at 1. Claimant has remained a fugitive ever since, up to and including the filing date of this opinion.

On January 22, 2019, the United States brought this action on the basis that Defendant *in rem* was subject to forfeiture under 21 U.S.C. § 881(a)(6), contending that the seized money was "intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of [the Controlled Substances Act]." ECF 1 at 2–3. On February 19, 2019, Claimant filed a "Verified Claim for Property Subject to Forfeiture," alleging that Defendant *in rem* belonged to her and was "not subject to forfeiture." ECF 4 at 1. On November 6, 2020, however, after Claimant absconded, Plaintiff filed the instant "Motion to Strike Claim and Answer Filed by Irma Cabrales and Enter Default Judgment," arguing that the fugitive disentitlement doctrine codified at 28 U.S.C. § 2466 barred Claimant's claim.

## II. DISCUSSION

### A. Issue

The single question before the Court is whether 28 U.S.C. § 2466 disentitles Claimant from bringing a claim to Defendant *in rem*.

### B. Parties' Arguments

The United States contends that because Claimant has "evaded the jurisdiction of this Court in the related criminal case and is a fugitive from justice," 28 U.S.C. § 2466 makes it "appropriate to" disentitle Plaintiff to a claim to Defendant *in rem*. ECF 25. On Claimant's behalf, her counsel asserts only that he has been unable to contact "Claimant since before March 5, 2020," has no feasible means of contacting her, cannot "ascertain [Claimant's] position" on Plaintiff's Motion, and therefore cannot "prepare a full, adequate, and appropriate response" to it. ECF 26 at 1–2. Notably, Claimant's counsel offers no argument as to why 28 U.S.C. § 2466 does not apply to her claim or should not invalidate the claim.

### C. The Fugitive Disentitlement Statute

Under 28 U.S.C. § 2466(a), the Court

> may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action or a claim in third party proceedings in any related criminal forfeiture action upon a finding that such person—
> (1) after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution—
>    (A) purposely leaves the jurisdiction of the United States;
>    (B) declines to enter or reenter the United States to submit to its jurisdiction; or
>    (C) otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; and
> (2) is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.

This statutory text has five elements:

> (1) a warrant or similar process must have been issued in a criminal case for the claimant's apprehension;
> (2) the claimant must have had notice or knowledge of the warrant;
> (3) the criminal case must be related to the forfeiture action;
> (4) the claimant must not be confined or otherwise held in custody in another jurisdiction; and
> (5) the claimant must have deliberately avoided prosecution by
>    (A) purposefully leaving the United States,

3

>    (B) declining to enter or reenter the United States, or
>    (C) otherwise evading the jurisdiction of a court in the United States in which a criminal case is pending against the claimant.

*Collazos v. United States*, 368 F.3d 190, 198 (2d Cir. 2004). If all five elements are met, the Court may strike a claimant's claim and enter a default judgment as to her interest in the defendant *in rem*. *United States v. Technodyne LLC*, 753 F.3d 368, 377 (2d Cir. 2014).

### D.  28 U.S.C. § 2466 Applies to Claimant's Claim to Defendant *in rem*

Although the Tenth Circuit has yet to interpret 28 U.S.C. § 2466, the Court nonetheless finds the Second Circuit's interpretation to be persuasive and adopts its test in applying the fugitive disentitlement statute. Applying this five-part test, the Court finds for the following reasons that Claimant is disentitled from making a claim to Defendant *in rem*. 28 U.S.C. § 2466 (permitting district courts to disallow a claim "upon a finding" that the government has shown the elements of 28 U.S.C. § 2466 have been met); *Technodyne LLC*, 753 F.3d at 382 (noting that 28 U.S.C. § 2466 requires district judges to make "findings of fact").

First, Claimant is subject to an outstanding arrest warrant. *United States of America v. Irma Cabrales*, 18cr2852-MV, ECF 212.

Second, the Court finds that Claimant has "knowledge" that the arrest warrant exists. Importantly, 28 U.S.C. § 2466's knowledge requirement does not demand that Claimant have *actual* knowledge of the warrant; rather, such a finding may be supported by circumstantial evidence. *Collazos*, 368 F.3d at 205; *Technodyne LLC*, 753 F.3d at 378. Claimant agreed to "24-hour-a-day lock-down" at the La Pasada Halfway House and to be monitored by GPS. ECF 25-1 at 2. There is no doubt that when Claimant removed her GPS monitor, ECF 25-2, she knew that doing so would result in law enforcement seeking her arrest. *See id.* at 3 ("Violating any of the [conditions of release] may result in the immediate issuance of a warrant for your arrest.").

Accordingly, the Court holds that there is sufficient circumstantial evidence in the record to find that Claimant has knowledge of the outstanding arrest warrant.

Third, the underlying criminal case against Claimant is related to this forfeiture action. The question with respect to the "related to" element is "whether the facts that underlie the prosecution being evaded also form the basis for the forfeiture action." *United States v. $6,976,934.65, Plus Interest*, 553 F.3d 123, 131 (D.C. Cir. 2009). Defendant *in rem* and the prosecution from which Claimant has fled are inextricably related. Agents seized Defendant *in rem* during their criminal investigation of Claimant for the charges on which she was later indicted, ECF 1 at 2–3, for which she was placed in La Pasada Halfway House, ECF 25-1, and from which she ultimately absconded. ECF 25-2; *see also United States of America v. Irma Cabrales*, 18cr2852-MV, ECF 102 at 11 (alleging that Defendant *in rem* is subject to forfeiture as proceeds of the Controlled Substance Act offenses pending against Claimant).

Fourth, there is nothing in the record indicating that Claimant is "confined or otherwise held in custody in another jurisdiction." 28 U.S.C. § 2466(a)(2); *Collazos*, 368 F.3d at 201 (finding that the fourth requirement was met because there was "nothing in the record" indicating that claimant was confined, incarcerated, or otherwise impaired in her ability to face the criminal charges pending against her).

Last, the Court finds that Claimant has deliberately avoided prosecution by evading the jurisdiction "of a court in the United States in which a criminal case is pending against" her. *Collazos*, 368 F.3d at 199. Whether Claimant has "deliberately" evaded prosecution is assessed on the totality of the circumstances. *U.S. v. All Assets Listed in Attachment A*, 89 F.Supp.3d 813, 828 (E.D.Va. 2015) (citing *Technodyne LLC*, 753 F.3d at 386). It is the government's burden to show that Claimant's motive for absconding was to avoid prosecution, but it need not show that it was

Claimant's *sole* motive. *Technodyne LLC*, 753 F.3d at 384–85. Claimant was released to the La Pasada Halfway House on the condition that it would "use every effort to assure" Claimant's "appearance at all court proceedings." ECF 25-1. Instead of remaining there as required by her conditions of release, however, Claimant instead chose to remove her GPS bracelet a block from the facility and has not returned. ECF 25-2 at 2. Moreover, Claimant's counsel (who also represents her in the criminal case) has been unable to contact her and has no way of contacting her. ECF 26. Given those facts and circumstances, it is clear to the Court that Claimant has no intention of facing the criminal charges against her and has actively endeavored to avoid ever doing so. The Court concludes the United States has met its burden on this point.

In sum, the Court finds and concludes that the government has established that 28 U.S.C. § 2466 applies to Claimant and that it is appropriate to disallow claimant "from using the resources of the courts of the United States in furtherance" of her claim.

### III.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that default judgment is entered in favor of Plaintiff.[2]

**IT IS FURTHER ORDERED** that Plaintiff shall submit by electronic mail a proposed form of judgment to fourattproposedtext@nmd.uscourts.gov.

**SO ORDERED.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*

---

[2] *See All Assets Listed in Attachment A*, 89 F.Supp.3d at 830 (noting that if the government's motion to strike in a 28 U.S.C. § 2466 proceeding is granted, the district court may enter a default judgment in favor of the government).